UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID GEIGER, | ) | CIVIL ACTION NO. 4:19-CV-1122 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| ANDREW SAUL, | ) | |
| Defendant | ) | |
| | ) | |

MEMORANDUM OPINION

David Geiger ("Plaintiff"), an adult individual who resides within the Middle District of Pennsylvania, seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. This matter is before me, upon consent of the parties pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 12).

In the opening brief submitted in support of this appeal, Plaintiff raises various merits issues and also contends that Administrative Law Judge Timothy Wing (the "ALJ"), who issued the final decision denying his applications, was not properly appointed under the Appointments Clause of the United States Constitution, U.S. Const. art. II, § 2, cl. 2. Plaintiff argues that, because the ALJ who issued the decision denying his applications was not properly appointed, he is entitled to a remand for rehearing of her case before a different ALJ who has been constitutionally appointed. (Doc. 16).

Plaintiff's administrative hearing was held on November 16, 2017, and the ALJ's decision denying his applications was issued on May 25, 2018. (Admin. Tr. 15-38). Both occurred before the Acting Commissioner of Social Security ratified the appointment of all Social Security ALJs on July 16, 2018. *See* SSR 19-1p, 2019 WL 1324866 at *2 (providing background about the Supreme Court's decision in *Lucia* and the Social Security Administration's response to it).

On March 17, 2020, the Commissioner filed a Motion to Stay. (Doc. 21). No Brief in Opposition has been filed in this case. On April 3, 2020, the Court denied the Commissioner's Motion to Stay, and ordered the Commissioner to "show cause as to why this case should not be remanded pursuant to *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018) and *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020)." The Commissioner provided the following response:

> On January 23, 2020, the Third Circuit Court of Appeals issued a decision in *Cirko, obo Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020), holding that the plaintiff had not forfeited his Appointments Clause claim by failing to raise it during administrative proceedings. On March 9, 2020, the Commissioner filed a petition for rehearing *en banc*. That petition was denied on March 26, 2020.
>
> The Commissioner does not contend that *Cirko* does not apply to this matter.

(Doc. 26).

I construe the Commissioner's response as a representation that he no longer opposes Plaintiff's argument that remand is required pursuant to *Lucia v. S.E.C.,* 138 S.

Ct. 2044 (2018), and the Third Circuit Court of Appeals in *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020). In *Lucia*, the Supreme Court held that certain ALJs are "Officers of the United States" within the meaning of the Appointments Clause of the United States Constitution, Art. II, § 2, cl. 2, and therefore must be appointed to their positions by either the President, a court of law, or the Department head. 138 S. Ct. 2044 (2018). In *Cirko*, the Third Circuit Court of Appeals held that "[b]ecause both the characteristics of the Social Security Administration (SSA) review process and the rights protected by the Appointments Clause favor resolution of such claims on the merits, . . . exhaustion is not required in this context." 948 F.3d at 152.

Having found that remand is required because the ALJ was not properly appointed at the time he heard and decided Plaintiff's applications and raised a timely challenge, I must now consider what the appropriate remedy is for this error. For that, I look again to *Lucia*, in which the Supreme Court held that the remedy in cases where an ALJ hears and decides a case without being properly appointed is that "another ALJ . . . must hold the new hearing." *Lucia,* 138 S. Ct. 2055.

An appropriate order shall issue.

Date: May 7, 2020                                    BY THE COURT

                                                     *s/William I. Arbuckle*
                                                     William I. Arbuckle
                                                     U.S. Magistrate Judge